IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| REBECCA CHANDLER, | ) | CASE NO. 7-04-03944-WSR-13 |
| | ) | |
| DEBTOR | ) | |

## ORDER DENYING MOTION TO DISMISS

For the reasons stated in this Court's contemporaneous memorandum opinion, it is

ORDERED

that Wachovia Bank N.A.'s Motion to Dismiss with Prejudice is hereby DENIED.

The Clerk is directed to send copies of this order and accompanying memorandum opinion to the Debtor, Rebecca Chandler; Debtor's counsel, Michael D. Hart, Esq.; the Trustee, Rebecca B. Connelly, Esq.; Wachovia Bank, N. A.'s counsel, Matthew D. Huebschman, Esq.; and Counsel for the Office of the United States Trustee, Margaret K. Garber, Esq..

ENTER this 30th day of December, 2004.

William F. Stone, Jr.
UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| REBECCA CHANDLER, | ) | CASE NO. 7-04-03944-WSR-13 |
| | ) | |
| DEBTOR | ) | |

## MEMORANDUM DECISION DENYING MOTION TO DISMISS

The evidence before the Court is that in a prior Chapter 13 case, docket no. 7-04-01387-WSR-13, the Debtor voluntarily sought and obtained the dismissal of her case after a motion for relief from the stay had been filed by Wachovia Bank, N.A. The present case was filed fewer than 180 days after the dismissal of the prior case. Wachovia asserts that under the plain wording of 11 U.S.C. 109(g)(2) the Debtor had no right to file the current case and therefore the same should be dismissed on jurisdictional grounds. The evidence is further to the effect that the dismissal was based on the Debtor's then inability to propose a confirmable Chapter 13 Plan and not the prior filing of the motion for relief from the stay. This same issue was put before Chief Judge Krumm of this District in the case of *In re Duncan*, 182 B.R.156 (Bankr. W.D. Va. 1995). *See also* Judge David Adams's decision in the case of *In re Sole*, 233 B.R. 347 (Bankr. E.D. Va. 1998). Chief Judge Krumm's opinion pointed out that the word "following" can commonly mean either "subsequent in time" or "as a consequence or result of". Based on this rationale and the important goal of achieving where possible consistency of rulings between judges of the same court, the undersigned will follow the rationale of the *Duncan* decision and by separate order will deny Wachovia's motion to dismiss pursuant to 11 U.S.C. 109(g)(2).

This 30th day of December, 2004.

William F. Stone, Jr.
UNITED STATES BANKRUPTCY JUDGE

-1-